IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

        Plaintiff,

  v.             CASE NO. 10-3170-SAC

ROBERT SAPIEN, et al.,

        Defendants.


**O R D E R**

 This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983 on allegations related to plaintiff's incarceration in Kansas. Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1983.

 Having reviewed plaintiff's limited financial resources and inability to pay the district court filing fee, the court grants plaintiff leave to proceed in forma pauperis. As it appears plaintiff is no longer a "prisoner" as defined by 28 U.S.C. § 1915(g), he is not subject to the § 1915 provisions applicable to civil actions filed by prisoners, including the obligation to pay the full $350.00 district court filing fee in this matter, 28 U.S.C. § 1915(b)(1).[1]

 Although not a prisoner, the complaint remains subject to summary dismissal if the court finds it is frivolous or abusive,

---

[1] Nor is plaintiff subject to the § 1915(g) "3-strike" provision, which given plaintiff's litigation history in federal court would clearly bar him from proceeding in forma pauperis in this matter if he were still a prisoner.

fails to state a claim for relief, or seeks monetary damages from persons immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Courts have found § 1915(e)(2) applies to prisoners and nonprisoners alike. See *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)(§ 1915 to all plaintiffs who seek in forma pauperis status, even if they are not prisoners)(citing cases).

Whether dismissal is appropriate under § 1915(e)(2)(B) must be analyzed under the same standard applied to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir.2007). The court is to accept as true all well-pleaded facts and is to draw all reasonable inferences from those facts in favor of the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). Although the pleadings of a pro se plaintiff are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), to avoid dismissal a complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action ... [and] must allege sufficient facts to state a claim which is plausible-rather than merely conceivable-on its face." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D.Kan.2008).

In this matter, plaintiff alleges restrictions on his indigent mailing and copying while he was incarcerated in the El Dorado Correctional Facility (EDCF) unlawfully interfered with his access to the courts. Plaintiff states that many legal items were confiscated and he was told they would be sent to his home at state

expense, but his mother never received these legal items.[2] Plaintiff also states that legal letters of many types submitted for mailing were returned by the mail room for insufficient postage.

In support of his allegations, plaintiff submitted copies of inmate request forms and requests for indigent legal postage, all dated in 2005 through January 2006, which were denied. Plaintiff also documents his unsuccessful attempt in June and July 2010 to exhaust administrative remedies after his release from prison.

On the face of the complaint and supporting documentation, the court finds this action is subject to being summarily dismissed as time barred.

It is well settled in this district that a two-year statute of limitations applies to civil rights actions brought pursuant to § 1983. *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993). See *Wallace v. Kato*, 549 U.S. 384, 387 (2007)(statute of limitations applicable to § 1983 actions is what state law provides for personal injury torts); K.S.A. 60-513(a)(4) (two-year statute of limitations for personal injury torts).[3]

---

[2] Plaintiff categorizes the materials submitted for copying and/or mailing as including mandamus petitions, notices of appeals, opening briefs, letters to attorneys, and § 1983 complaints.

[3] While that period is tolled for persons under legal disability, K.S.A. 60-515(a), that statute expressly states that "if a person imprisoned for any term has access to the court for purposes of bringing an action such person shall not be deemed to be under legal disability." Plaintiff makes no argument for tolling based on his incarceration, nor would his filing history in this court and in the Tenth Circuit Court of Appeals between 2005 and 2008 support a finding that plaintiff had no access to the courts for the two year limitation period applicable to the allegations in the instant complaint.

Here, plaintiff cites his lack of legal knowledge and periodic mental impairments impaired his understanding of potential claims and his ability to seek relief on such claims, and essentially contends the limitation period should be tolled until his mental status stabilized in February 2010.[4] Alternatively, plaintiff contends his claims did not accrue until he consulted with an attorney in May 2010 and realized defendants may have violated his constitutional rights throughout 2005 and January 2006. The court finds neither contention has sufficient merit to avoid summary dismissal of the complaint as time barred.

Plaintiff's reliance on a Social Security Administration adjudication finding plaintiff was disabled due to psychological impairments is misplaced, as the standard for establishing disability for purposes of entitlement to Disability Insurance Benefits differs significantly from the standard to be applied under Kansas law for finding a person has a legal disability for purposes of tolling the running of a limitations period. See e.g. *Goewey v. United States*, 222 Ct.Cl. 104 (1979); *Gilmore v. Gregg*, 1993 WL 100209 (D.Kan. 1993)(applying Kansas law)(unpublished opinion); *Holtz v. Sheahan* 199 Fed.Appx. 577 (7th Cir.2006)(applying Illinois law).

Also, a cause of action generally accrues when the plaintiff knows or has reason to know that he was injured and who inflicted the injury. See *United States v. Kubrick*, 444 U.S. 111 (1979)(a

---

[4]Plaintiff broadly states he suffered from various mental disabilities which intermittently hindered his insight from March 2005 to February 2010, the month he claims medication finally stabilized his mental status.

claim accrues when the plaintiff knows both the existence and the cause of his injury). Here, plaintiff was aware in 2005 that his requests for indigent postage to mail items he characterized as legal mail were being denied, and significantly, he pursued relief under § 1983 the next year in this court and in the Tenth Circuit Court of Appeals from alleged restrictions on his copying and mailing.[5]

The court thus finds the complaint is subject to being summarily dismissed as time-barred and thereby stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii), absent a showing by plaintiff of a basis for tolling the limitations period. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980)(when clear from dates in complaint that right to sue has extinguished, plaintiff has burden of demonstrating a basis for tolling the statute).

But even if the complaint were to be assumed as timely filed, the court finds it still would be subject to summary dismissal for at least three reasons.

First, plaintiff's prayer for declaratory and injunctive relief was rendered moot upon plaintiff's release from EDCF and the Kansas Department of Corrections. See *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir.1997)(citing *Martin v. Sargent*, 780 F.2d 1334 (8th Cir.1985)(holding prisoner's claims for declaratory and injunctive relief regarding prison conditions were rendered moot by prisoner's

---

[5]See *Adkins v. Sapien*, Case No. 06-3036-SAC (dismissed without prejudice February 22, 2006)(motion for relief from judgment denied March 24, 2006), *aff'd* (10th Cir. August 2, 2006).

transfer to another prison unit)).

Second, plaintiff names all defendants in their "dual capacity," but any claim for damages against state defendants acting in their official capacity is barred by the Eleventh Amendment. See *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in their official capacity). See also *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)("neither a State nor its officials acting in their official capacities are 'persons' under 42 U.S.C. 1983").

Third, as to plaintiff's claim for damages from defendants in their individual capacity, plaintiff identifies no personal participation by any defendant in the alleged infringement of his constitutional rights. See *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir.2008)(citing personal participation requirement, and finding the complaint "does not allege sufficient participation in the alleged wrongs" by any of the defendants); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted). Plaintiff's mere submission of copies of informal administrative requests that might include the names of some of the EDCF defendants identified as parties in the complaint is insufficient. While the court is to liberally construe plaintiff's pro se filings, it may not advocate on behalf of a litigant, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir.2008), and "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" to make a case for him, *Garrett v. Selby Connor Maddux*

*& Janer*, 425 F.3d 836, 840 (10th Cir.2005).

**Notice and Show Cause Order to Plaintiff**

Accordingly, for the reasons stated herein, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief, and directs plaintiff to show cause why the complaint should not be dismissed based on the deficiencies identified by the court.[6] The failure to file a timely response may result in the complaint being dismissed as stating no claim for relief, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED:  This 16th day of November 2010 at Topeka, Kansas.

                                                    s/ Sam A. Crow
                                                    SAM A. CROW
                                                    U.S. Senior District Judge

---

[6]Plaintiff's motion for appointment of counsel (Doc. 3) is denied. Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. See *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).