IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EBRAHIM ADKINS,

                              Plaintiff,

            v.                              CASE NO. 10-3170-SAC

ROBERT SAPIEN, et al.,

                              Defendants.



O R D E R

        Plaintiff proceeds pro se and in forma pauperis on a complaint
naming various Kansas prison officials as defendants.  Plaintiff
seeks relief under 42 U.S.C. § 1983 on allegations that restrictions
on indigent mailing and copying during his incarceration unlawfully
interfered with his access to the courts, and that his legal mail
was mishandled and confiscated

        After reviewing the complaint, the court found the declaratory
and injunctive relief being sought was rendered moot by plaintiff's
release from prison.  The court also directed plaintiff to show
cause why the complaint should not be summarily dismissed pursuant
to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff's allegations
were time barred and failed to state a claim upon which relief could
be granted against any defendant.

        Plaintiff filed a response, and also filed a motion for summary
judgment in which he amends his complaint to clarify that he is
suing each defendant in both their official and individual capacity.
In these documents plaintiff reiterates that he was found eligible

to receive Social Security Supplemental Income (SSI) due to his mental impairment, argues his claims did not accrue until February 2010 when he self reports his mental condition stabilized enough for him to become aware he had suffered a wrong for which damages could be pursued, and contends the accrual date of his claims should be determined by a jury.

Having reviewed these documents and the complaint as amended, the court finds no sound legal basis is presented for avoiding summary dismissal. The court continues to find the complaint, even as amended, is time barred and fails to assert any plausible legal claim for seeking damages from any defendant under § 1983. The court thus concludes the amended complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's motion summary judgment (Doc. 6) is liberally construed and considered in part as amending the complaint, that the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that the remainder of plaintiff's motion for summary judgment (Doc. 6) is denied as premature and moot.

**IT IS SO ORDERED.**

DATED:  This 26th day of April 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge