IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

                    Plaintiff,

      v.                                                   CASE NO. 10-CV-3170-SAC

ROBERT SAPIEN, et al.,

                    Defendants.

# **O R D E R**

The case comes before the Court on Plaintiff Ebrahim Adkins's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) from the order of the Court dismissing Plaintiff's § 1983 complaint (Doc. 18) and Plaintiff's motion for leave to file an amended complaint (Doc. 17). Plaintiff proceeds pro se.

The Court entered an order on April 26, 2011, dismissing Plaintiff's complaint on the basis that the declaratory and injunctive relief sought by Plaintiff was rendered moot by his release from prison. *See* Doc. 7. The Court also found that Plaintiff's allegations were time-barred and failed to state a claim upon which relief could be granted under § 1983. *Id*. Plaintiff appealed the dismissal, and the Tenth Circuit affirmed the decision of this Court on September 12, 2011. *See* Doc. 14. On July 2, 2018, Plaintiff filed the pending motions.

1

**Rule 60(b) Motion (Doc. 18)**

In his 60(b) motion, Plaintiff states that he was "not in [his] right mind at no point of the litigation" and reiterates his complaints that he was denied access to the courts and his legal property was stolen when he was incarcerated in 2005 and 2006. He also argues the defendants should not be entitled to qualified immunity. Mr. Adkins does not address the finding that his complaint was barred by the statute of limitations.

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Mr. Adkins does not specify under which section he seeks relief. As Plaintiff's motion was filed over a year from the entry of judgment, it cannot be based on Rules 60(b)(1)-(3). *See* Fed. R. Civ. P. 60(c)(1) (providing motions under Rules 60(b)(1)-(3) must be made "no more than a year after entry of judgment"). Even a liberal construction of Mr. Adkins's motion does not support relief under Rule 60(b)(4) or 60(b)(5). Therefore, the Court considers Plaintiff's motion

under Rule 60(b)(6)—allowing for relief from a final judgment for "any other reason that justifies relief."

"Rule 60(b)(6) has been described by [the Tenth Circuit] as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotations omitted). It should be reserved for "extraordinary circumstances." *Id.* In *Van Skiver,* the Tenth Circuit held that the pro se plaintiffs had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion simply "reiterated the original issues raised in their [earlier pleadings] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Id.; Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). And, "a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn*, 813 F.3d at 1306.

Plaintiff's 60(b) motion merely reiterates the same assertions that were raised and rejected previously in this case. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6). *See Whitmore v. Mask*, 612 F. App'x 501, 504 (10th Cir. 2015). As for the possibility that Mr. Adkins's mental condition prevented him from properly litigating his claim, he does not explain how he would have overcome the time bar even if he had full mental capacity or how his pursuit of his claim would have otherwise been different. Mr. Adkins has not raised any facts or issues that are so "unusual or compelling" that extraordinary relief is warranted or that it would offend justice to deny such relief. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996). Therefore, his motion is denied.

Moreover, Plaintiff's Rule 60(b) motion is not timely. Rule 60(c) provides that a motion under Rule 60(b) must be made within a reasonable time after entry of the order if made under

60(b)(6). Fed. R. Civ. P. 60(c). The Court's order dismissing Plaintiff's complaint was entered on April 26, 2011. Plaintiff filed his Rule 60(b) motion for relief from that order on July 2, 2018, more than seven (7) years later. A party who delays in filing a Rule 60(b) motion after discovery of the grounds for the motion must present sufficient justification for the delay. *Davis v. Warden, Fed. Transfer Ctr.*, 259 F. App'x 92, 94 (10th Cir. 2007). The only possible justification Plaintiff offers for the delay in filing his motion is his statement that he was not in his right mind when the case was dismissed. However, he provides no medical records or other evidence to confirm his assertion of mental incapacity over the intervening seven (7) years. *See United States v. Buckaloo*, 257 F. App'x 88, 90 (10th Cir. 2007) (rejecting argument that petitioner's mental incapacity qualified him for equitable tolling in the context of habeas claim). The Court finds that Plaintiff did not file his Rule 60(b) motion within a reasonable time.

**Motion for Leave to File Amended Complaint (Doc. 17)**

In his motion for leave to file an amended complaint, Mr. Adkins argues his complaint should have been liberally construed, and if he stated a claim under any legal theory, the Court should have allowed his case to proceed or should reopen the case. He also continues to argue his access to the courts was impeded by state prison officials and seems to argue this Court has impeded his access to the courts by dismissing sua sponte 24 other cases he has filed and placing him on "filing restrictions."

Because the Court denies Plaintiff's 60(b) motion and declines to reopen this case, the Court must also deny Plaintiff's motion for leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the judgment (Doc. 18) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc. 17) is **denied**.

**IT IS SO ORDERED.**

DATED: This 13th day of July, 2018, at Topeka, Kansas.

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **U.S. Senior District Judge**